SUPERIOR CONTAINER, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Superior Container, Inc. v. Commissioner
Docket No. 4091-79.
United States Tax Court
T.C. Memo 1980-434; 1980 Tax Ct. Memo LEXIS 146; 41 T.C.M. (CCH) 69; T.C.M. (RIA) 80434; September 29, 1980, Filed William F. Snyder and Richard A. Lesco, for the petitioner. Richard S. Bloom, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioner's income tax for the taxable year ending April 30, 1976, in the amount of $31,608.72. Concessions having been made by petitioner, the sole issue presented is whether petitioner is entitled to a deduction for its taxable years ended April 30, 1975, [1] and April 30, 1976, in the amounts of $10,552.56 and $9,851.16, respectively, for expenses incurred in maintaining a condominium located in Naples, Florida. FINDINGS OF FACT Petitioner is a corporation with its principal office in Euclid, Ohio, at the time it filed *148 its petition herein. Petitioner filed its Federal income tax returns for the taxable years ended April 30, 1975, and April 30, 1976, with the Cincinnati Service Center of the Internal Revenue Service. During the years in issue, petitioner was in the business of manufacturing and selling corrugated boxes. In order to compete with several large companies, petitioner relied upon personal contacts and service. Loren Walter Houston (Houston) is, and during the years in issue was, the president and sole shareholder of petitioner. Houston also owned an American Motors automobile dealership in Naples, Florida. Houston lived in a home he owned in Naples three to four months of the year and spent the remainder of the year near Cleveland, Ohio. During its taxable years ended April 30, 1975, and April 30, 1976, petitioner leased a condominium located in Naples, Florida, from Houston. The condominium was located on the sixth floor of a building directly on the gulf of Mexico. Petitioner intended to use the condominium "as a place for vacations and entertainment of employees and customers." During the period in question, the condominium was used by three employees of petitioner, *149 at least one of whom visited it only while Houston was in Cleveland, and several of its customers. Houston did not use the leased condominium. OPINION Respondent argues that the condominium leased by petitioner constitutes a facility used in connection with entertainment. Section 1.274-2(e)(2)(i), Income Tax Regs. He then argues that petitioner is entitled to no deduction for the condominium expense both because it has not shown that the condominium "was used primarily for the furtherance of [its] trade or business and that the [expense] was directly related to the active conduct of such trade or business" (section 274(a)(1)(B)) [2] and because it has not met the substantiation requirements of section 274(d). Petitioner argues that section 274 does not apply because the condominium "was neither leased for the purpose of, nor used to 'entertain' anyone," but to facilitate business discussions between its president and employees or customers while Houston was in Florida. The burden of proof is on the petitioners. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
*150 In the minutes of petitioner's board meeting authorizing the lease, Houston stated that "the use of this condominium by the corporation as a place for vacations and entertainment of employees and customers * * * would be invaluable." Moreover, his testimony indicates that most of the time spent in Florida by the customers and employees was for vacation and not for business purposes.[3] Under these circumstances, petitioner's general and self-serving testimony that the condominium was used for business purposes can be accorded little weight. We, therefore, find that the condominium was a facility within the meaning of section 274(a)(1)(B). Cf. Ma-Tran Corp. v. Commissioner,70 T.C. 158, 169-170 (1978). Moreover, petitioner has not established that section 274(e)(6), relating to expenses directly related to business meetings of its employees, stockholders, agents, or directors is applicable. Houston was not in Naples when one of the three employees vacationed in Naples and appeared to have little business contact with the others while they were in town. Additionally, petitioner presented no probative evidence to corroborate Houston's testimony regarding the claimed *151 use of the facility as required by section 274(d). [4]Ma-Tran Corp. v. Commissioner,supra.[5]
Finally, we are constrained to note that, on the basis of the record before us, there would be substantial doubt as to whether petitioner would be entitled to a deduction under section 162(a), *152 a threshold requirement imposed by section 274(a)(1). The record leaves us with the distinct impression that the lease of the condominium by petitioner was motivated principally by the fact that Houston chose for personal reasons to live in Naples for a substantial part of the year. Decision will be entered for the respondent. Footnotes
1. The taxable year ending in 1975 is involved solely because it affects a loss carryforward used in determining income for the taxable year ending in 1976. The substantive issue is identical for both years.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. Houston testified that some of his claimed business discussions with persons using the condominium were by telephone or occurred while fishing or during the course of taking them to dinner. ↩
4. Houston testified that a diary existed allegedly showing the use of the condominium and that such information was also available from the records of the office of the condominium complex, but provided no acceptable justification for not producing the same. ↩
5. Petitioner's reliance on our decisions in Berkley Machine Works & Foundry Company v. Commissioner,T.C. Memo. 1977-177, revd. 623 F.2d 898 (4th Cir. 1980), and Durgom v. Commissioner,T.C. Memo. 1974-58↩, is totally misplaced. There was a more substantial and detailed evidentiary foundation for the taxpayer's claimed deductions in each of those cases than in the instant case.